Filed 10/3/25  Farahani v. Maddocks CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| POORAN FARAHANI et al., as Trustees, etc., | B327259 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV31400) |
| v. | |
| SUSAN C. MADDOCKS, as Trustee, etc., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lia Martin, Judge.  Reversed and remanded with directions.

Campbell & Farahani, Frances M. Campbell, and Nima Farahani for Plaintiffs and Appellants

Nicolson Law Group, Daniel S. Cho, and Andrew T. Cooledge for Defendant and Respondent

\* \* \* \* \* \* \* \* \* \*

This nuisance action arises from a dispute between neighboring residential property owners. Plaintiffs and appellants Pooran and Masoud Farahani, as Trustees of the Farahani Living Trust (plaintiffs), are downslope neighbors of defendant and respondent Susan C. Maddocks, as Trustee of the Susan C. Maddocks Revocable Trust (defendant). Plaintiffs allege their property is being damaged due to ongoing erosion on defendant's property, resulting in a loss of subjacent and lateral support at their shared boundary. The trial court sustained defendant's demurrer without leave to amend on the ground plaintiffs' nuisance claim alleged a permanent nuisance that was time-barred under Code of Civil Procedure section 338. Plaintiffs appeal from the judgment of dismissal, arguing their first amended complaint stated a timely claim for a continuing nuisance and, alternatively, that the court erred in declining to grant leave to amend to cure any defects.

We conclude the first amended complaint adequately pleads a continuing nuisance and that no time-bar appears on the face of the pleading. We therefore vacate the dismissal entered in defendant's favor, reverse the order sustaining the demurrer and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this action on August 17, 2020. After defendant answered the original complaint, plaintiffs filed a motion to amend which was granted by the trial court. Plaintiffs filed a first amended complaint which, like their original complaint, stated one cause of action for private nuisance. We assume the facts alleged in the first amended complaint to be true to resolve whether plaintiffs have stated a legally viable claim. (*Centinela Freeman Emergency Medical Associates v.*

2

*Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010 (*Centinela*).)

Plaintiffs own a parcel of residential property located downslope from a property owned by defendant.  The two properties share a common boundary and are located on Winnetka Avenue in the city of Woodland Hills.

"In or around February 2017," a water pipe broke on defendant's property near the boundary with plaintiffs' property.  Plaintiffs spoke with defendant about repairing the broken pipe but "[d]efendant refused to do so."  "At that time, Plaintiffs believed that the broken water pipe was causing damage" to their property "because of an increasing number of cracks in the driveway."  Defendant's neglect and failure to maintain her property resulted in the "continuing erosion of the lateral and subjacent support" for plaintiffs' property.

Plaintiffs believe the cracks in their driveway may "have been caused in part by the loss of subjacent support," first noticed after the water pipe break, but that ongoing erosion and the loss of "lateral support" may also be a factor in the continuing damage to their property.  The loss of lateral support is due to the "bare, vertical cut" in the land on defendant's property which is "eroding and collapsing" in various locations, as well as the lack of a retaining wall.  Defendant's property is only being partially supported by a garage wall.

As a consequence of the loss of sufficient subjacent and lateral support, plaintiffs' property is being damaged, including the land under and around their driveway.  Defendant's failure to maintain her property has caused a continuing private nuisance that must be abated through installation of a retaining wall.

Defendant filed a demurrer to the first amended complaint. The demurrer was sustained without leave to amend on the ground that plaintiffs' nuisance claim was time-barred under the three-year statute of limitations codified at Code of Civil Procedure section 338. A judgment of dismissal with prejudice was entered in defendant's favor on December 6, 2022, notice of which was served by defendant on December 20, 2022.

This appeal followed.

## DISCUSSION

Where the lower court has entered a judgment of dismissal after sustaining a demurrer without leave to amend, our review is de novo. (*Centinela*, *supra*, 1 Cal.5th at p. 1010; accord, *Erlach v. Sierra Asset Servicing, LLC* (2014) 226 Cal.App.4th 1281, 1291 (*Erlach*).) For the limited purpose of reviewing the legal sufficiency of the challenged pleading, we " ' " 'treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' " ' " (*Centinela*, at p. 1010.) In determining whether the operative complaint states a cause of action, " ' "we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." ' " (*Ibid.*) We are not concerned at the pleading stage with evidentiary matters or the "plaintiff's ability to prove the allegations." (*Erlach*, at p. 1291.)

Plaintiffs allege one cause of action for private nuisance, defined as "[a]nything which is . . . an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." (Civ. Code, § 3479.)

Defendant contends, as she did below, that plaintiffs allege a permanent nuisance based on a single incident in February

4

2017 of a water pipe breaking and causing erosion. Defendant says a claim based on a permanent nuisance must be filed within three years of the creation of the nuisance (Code Civ. Proc., § 338), plaintiffs filed this action more than three years later in August 2020, and the action is therefore time-barred. We are not persuaded.

A demurrer based on a statute of limitations defense will not be sustained where the allegations show only that the action may be, but is not necessarily, time-barred. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232.) In order to successfully assert a statute of limitations defense on demurrer, the time-bar " ' " 'must *clearly and affirmatively appear on the face of the complaint*; it is not enough that the complaint shows that the action may be barred.' " ' " (*Ibid.*, italics added.) As we explain, there is no unequivocal time-bar that appears on the face of plaintiffs' first amended complaint.

The viability of defendant's statute of limitations argument hinges on whether plaintiffs have alleged a permanent or continuing nuisance. " 'In general, a permanent nuisance is . . . a permanent injury to property for which damages are assessed once and for all, while a continuing nuisance is considered to be a series of successive injuries for which the plaintiff must bring successive actions.' " (*Madani v. Rabinowitz* (2020) 45 Cal.App.5th 602, 608 (*Madani*).) The statute of limitations begins to run on a permanent nuisance on the creation of the nuisance, and bars claims filed after expiration of the statutory period. (*Ibid.*)

In contrast, the ongoing damage caused by a continuing nuisance results in separate wrongs, each of which commences a new period within which to bring an action. (*Madani, supra,*

5

45 Cal.App.5th at p. 608.) Thus, where the nuisance is continuing, an action may be brought at any time to recover the damages that have accrued within the statute of limitations period, even though the nuisance was originally created outside of that period. (*Ibid*.) A plaintiff may bring successive actions until the continuing nuisance is abated, with recovery being limited in each such action to actual damages suffered during the statutory period. (*Baker v. Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 869 (*Baker*).) Prospective damages are unavailable. (*Ibid*.)

With little explanation, defendant asserts that plaintiffs alleged a permanent nuisance. We do not agree.

Permanent nuisances generally have been found when a structure is involved, "such as a building encroaching upon the plaintiff's land." (*Baker, supra*, 39 Cal.3d at p. 869.) Continuing nuisances historically involved "an ongoing . . . disturbance, . . . caused by noise, vibration or foul odor" but "more substantial physical invasions of land have been held to be continuing in character." (*Mangini v. Aerojet-General Corp*. (1991) 230 Cal.App.3d 1125, 1146 (*Mangini I*).) Moreover, the continuing nature of a nuisance "refers to the continuing damage caused by the offensive condition, not to the acts causing the offensive condition to occur." (*Id*. at p. 1147.)

The Supreme Court has explained that " 'the crucial test of the permanency of a trespass or nuisance is whether the trespass or nuisance can be discontinued or abated.' " (*Mangini v. Aerojet-General Corp*. (1996) 12 Cal.4th 1087, 1097 (*Mangini v. Aerojet*), quoting *Mangini I, supra*, 230 Cal.App.3d. at p. 1148; accord, *Madani, supra*, 45 Cal.App.5th at pp. 608–609.) " '[A]batable'

6

means that the nuisance can be remedied at a reasonable cost by reasonable means." (*Mangini v. Aerojet*, at p. 1103.)

*Baker* instructs "we should be particularly cautious not to enlarge the category of permanent nuisances beyond those structures or conditions that truly are permanent. Where some means of abatement exists, there is little or no incentive to make remedial efforts once the nuisance is classified as permanent. Such a result is at odds with tort law's philosophy of encouraging innovation and repair to decrease future harm." (*Baker*, *supra*, 39 Cal.3d at p. 872; accord, *Mangini I*, *supra*, 230 Cal.App.3d at p. 1148 ["In cases of doubt respecting the permanency of an injury caused by a nuisance, courts are inclined to favor the right to successive actions"].)

Here, plaintiffs have alleged their property is being damaged on an ongoing basis due to the loss of subjacent and lateral support from defendant's property. Plaintiffs allege the loss of support may have been triggered by a February 2017 water pipe break that defendant refused to repair. Plaintiffs also allege there is a cut or some form of grading on defendant's property, for which no date is alleged, that is collapsing and eroding in various places and is also contributing to the loss of lateral support to plaintiffs' property. Plaintiffs allege the ongoing erosion and damage to their property, which may or may not have multiple causes, can be abated by, at a minimum, the construction of a retaining wall. We conclude these allegations adequately state a continuing nuisance sufficient to survive demurrer. No facts are pled that unequivocally demonstrate a permanent nuisance that was created before August 2017.

In addition, as defendant concedes, it is well-settled that "[i]n case of doubt as to the permanency of the injury the plaintiff

7

may elect whether to treat a particular nuisance as permanent or continuing." (*Baker*, *supra*, 39 Cal.3d at p. 870; *Mangini I*, *supra*, 230 Cal.App.3d at p. 1145.) Nothing in the first amended complaint reflects an election by plaintiffs to treat the nuisance as permanent. Indeed, the allegations assert the opposite. Plaintiffs allege ongoing damage. Whether the alleged slope failure is reasonably abatable and properly characterized as a continuing nuisance are questions of fact that may require expert testimony, both of which are questions more appropriately resolved on the merits. (See, e.g., *Madani*, *supra*, 45 Cal.App.5th at p. 607; *Mangini I*, *supra*, 230 Cal.App.3d at p. 1147, fn. 14; *Starrh & Starrh Cotton Growers v. Aera Energy LLC* (2007) 153 Cal.App.4th 583, 598.)

Finally, we are mindful of the fact we may consider allegations in the original complaint in order to determine whether a plaintiff has deleted harmful or contradictory allegations in an effort to state a viable claim. (*McBride v. Smith* (2018) 18 Cal.App.5th 1160, 1173.) Our review of the original complaint raises no concerns in this regard. Plaintiffs' original complaint alleged injury because of the February 2017 water pipe break that defendant refused to repair and the ongoing erosion impacting their property. The first amended complaint still references the water pipe break near the property boundary and adds new allegations that ongoing erosion on defendant's property may also be a cause, or the primary cause, of the continuing slope failure occurring at the parties' mutual boundary. The allegations are not contradictory.

## DISPOSITION

The judgment of dismissal entered in favor of defendant and respondent Susan C. Maddocks, as Trustee of the Susan C. Maddocks Revocable Trust, is vacated. The order sustaining defendant's demurrer to the first amended complaint is reversed. On remand, the superior court is ordered to vacate its order and enter a new order overruling the demurrer and ordering defendant to answer the first amended complaint.

Plaintiffs and appellants shall recover their costs of appeal.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


WILEY, J.

9